NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LAUNCH FITNESS, LLC, RYAN LEFFEL, and RICHARD LEFFEL,<br><br>      Plaintiffs,<br><br>    v.<br><br>GOPERFORMANCE FRANCHISING, LLC and JARED KUKA,<br><br>      Defendants. | **OPINION**<br><br>Civ. No. 13-216 |

**Walls, Senior District Judge**

   Defendants GoPerformance Franchising, LLC and Jared Kuka move to compel arbitration of the claims filed against them by Plaintiffs Launch Fitness, LLC, Richard Leffel and Ryan Leffel, and to dismiss this case with prejudice. Under Federal Rule of Civil Procedure 78, this Court dismisses the case without oral argument.

## FACTUAL AND PROCEDURAL BACKGROUND

   GoPerformance is a franchisor of personalized fitness and performance training clubs throughout the United States. Motion to Compel Arbitration, Heimerl Decl., Ex. A ("Heimerl Decl. I"), Kuka Decl., ¶ 4 ("Kuka Decl. I"). Jared Kuka is the Manager and President of GoPerformance. *Id.*, ¶ 3. On October 27, 2010, Launch Fitness entered into a franchise agreement ("Franchise Agreement") and modification agreement ("Modification Agreement") with GoPerformance. *See* Leffel Cert., ¶ 4; Kuka Decl. I, Exs. 1 & 2. Plaintiffs Richard and Ryan Leffel were also signatories to the agreements. *Id.*

NOT FOR PUBLICATION

> The Modification Agreement amended the Franchise Agreement to provide:
>
> Except as provided elsewhere in this Agreement, all controversies, disputes or claims between us and you arising from this Agreement or the franchise relationship set forth in this Agreement will be submitted to binding arbitration conducted in the Nashville, TN Metropolitan Area (unless the parties mutually agree otherwise) by a single arbitrator. The arbitration proceeding will be conducted in accordance with the then-current commercial arbitration rules of the American Arbitration Association ("AAA Rules"), except to the extent the AAA Rules differ from the terms of this Agreement, in which event the terms of this Agreement will apply.

Kuka Decl. I, Ex. 2, ¶ 21.

Launch Fitness subsequently opened a GoPerformance franchise in Parsippany, New Jersey. On October 22, 2012, Plaintiffs' counsel informed Defendants' counsel that they had closed and abandoned their franchise. *See* Heimerl Decl. I, Ex. B.

On December 13, 2012, Plaintiffs filed a five-count Complaint against Defendants in the Superior Court of New Jersey, Morris County, alleging that they were fraudulently induced into entering the Franchise Agreement at issue. *See id.*, Ex. C (Complaint). On January 11, 2013, Defendants removed the action to this Court. On February 1, 2013, Defendants filed a motion to compel arbitration. ECF No. 4. Plaintiffs opposed on February 19, 2013. ECF No. 7.

## STANDARD OF REVIEW

"[The FAA] creates a body of federal substantive law establishing and governing the duty to honor agreements to arbitrate disputes." *Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 522 (3d Cir. 2009). The FAA reflects "the national policy favoring arbitration agreements." 9 U.S.C. § 2; *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006). A motion to compel arbitration "should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650

2

(1986); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.").

In addressing a motion to compel arbitration, a court may not resolve the merits of the underlying dispute. *Gay v. CreditInform*, 511 F.3d 369, 386-87 (3d Cir. 2007). A district court needs only to "engage in a limited review to ensure that the dispute is arbitrable." *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 137 (3d Cir. 1998) (internal quotation omitted); *see also Townsend v. Pinnacle Entm't, Inc.*, 457 Fed. App'x 205, 208 (3d Cir. Jan. 1, 2012). This limited review must determine: (1) whether "a valid agreement to arbitrate exists between the parties," and (2) whether "the specific dispute falls within the substantive scope of that agreement." *John Hancock Mut. Life Ins. Co.*, 151 F.3d at 137 (internal quotation omitted); *see also Century Indem. Co.*, 584 F.3d at 523. If a court determines that an arbitration clause is valid and enforceable, "it must refer questions regarding the enforceability of the terms of the underlying contract to an arbitrator." *Harris*, 183 F.3d at 179.

## DISCUSSION

### I.  Validity of the Agreement

It is generally accepted that federal courts should apply "state-law principles that govern the formation of contracts . . . . to assess whether the parties agreed to arbitrate a certain matter." *Rent-A-Center, West, Inc. v. Jackson*, 130 S.Ct. 2772, 2783 (2010) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)); *Battaglia v. McKendry*, 233 F.3d 720, 724 (3d Cir. 2000).

The Franchise Agreement calls for the application of Tennessee law, not New Jersey law. Kuka Decl. I, Ex. 1 at 22-23 ("[T]his Agreement will be governed, to the extent permissible, by

the law of the State of Tennessee without regard to principles of conflicts of law."). If necessary, this Court will apply Tennessee contract law to the dispute.

Plaintiffs do not disagree that an arbitration provision was present in the Agreement, but argue that they should not be bound by it since the Agreement was unconscionable. Opp. at. 3-6. In the alternative, Plaintiffs contend that they are entitled to develop a record in this Court to support an unconscionability defense to enforcement. *Id.* at 6-8.

Plaintiffs' Complaint revolves around the entire Franchise Agreement. Plaintiffs allege that they were fraudulently induced into entering the Agreement. *See* Heimerl Decl. I, Ex. C (Complaint); Opp. at 1-2. But Plaintiffs make no arguments specific to the arbitration provision. *See FCMA, LLC v. Fujifilm Recording Media U.S.A., Inc.*, No. 09-cv-4053, 2010 WL 3076486, at *4 (D.N.J. Aug. 5, 2010). Third Circuit law is clear that "unless the challenge is to the arbitration clause itself, the issue of [a] contract's validity is considered by the arbitrator in the first instance." *Gay*, 511 F.3d at 386 (quoting *Buckeye Check Cashing, Inc.*, 546 U.S. at 445-46). In *Gay*, the plaintiff argued that both the arbitration provision and the whole agreement were unconscionable. 511 F.3d at 387. The Third Circuit held that it was only appropriate for it to consider whether the arbitration clause was unconscionable, and not whether the agreement as a whole was unconscionable. *Id.*; *see also FCMA, LLC*, 2010 WL 3076486, at *3. The Court finds that the question of the Franchise Agreement's validity is for the arbitrator to decide, and not for this Court.

Plaintiffs' heavy reliance upon New Jersey contract law does nothing to mandate a different conclusion. *See* Opp. at 3-6. First, as mentioned earlier, the Franchise Agreement calls for the application of Tennessee law, not New Jersey law. Kuka Decl. I, Ex. 1 at 22-23. Second, this Court notes that, at least as it appears from the pleadings, Plaintiffs are hard-pressed to argue

that the Agreement is unconscionable. Both parties were represented by attorneys during the negotiations. Leffel Cert., ¶ 7; Kuka Decl. I, ¶ 9. Plaintiffs did not immediately sign the Agreement, but were first given a Franchise Disclosure Document outlining the terms of a standard GoPerformance Franchise Agreement on August 3, 2010. Reply, Heimerl Decl., Ex. A, Kuka Decl., ¶ 6 & Ex. 1 ("Kuka Decl. II"). The Agreement was not executed until October 27, 2010. Plaintiffs also appear to have been heavily involved in negotiating the terms of the Franchise Agreement. *See, e.g.*, *id.*, Exs. 2, 3. The email traffic between the parties also included a specific discussion of the arbitration provision. *Id.*, Exs. 2-3. More importantly, Plaintiffs themselves proposed the insertion of the arbitration provision, contradicting their claim that they were induced into entering the Agreement. *Id.*, ¶¶ 13-14 & Ex. 2 at 4 (# 23).

## II.   Scope of the Agreement

"In determining whether the particular dispute falls within a valid arbitration agreement's scope, there is a presumption of arbitrability[:] an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Century Indem. Co.*, 584 F.3d at 524 (alteration in original) (quoting *AT&T Techs.*, 475 U.S. at 650).

The Modification Agreement amended the Franchise Agreement to provide that "**all controversies, disputes or claims between us and you arising from this Agreement or the franchise relationship** set forth in this Agreement will be submitted to binding arbitration conducted in the Nashville, TN Metropolitan Area." Kuka Decl. I, Ex. 2, ¶ 21 (emphasis added). Plaintiffs' claim that they were fraudulently induced to enter into the Agreement would appear to fall under this provision as a claim "arising from this Agreement or the franchise relationship."

**NOT FOR PUBLICATION**

The Third Circuit has held that "when phrases such as 'arising under' and 'arising out of' appear in arbitration provisions, they are normally given broad construction, and are generally construed to encompass claims going to the formation of the underlying agreements." *Battaglia*, 233 F.3d at 727. In addition, "[i]f the allegations underlying the claims touch matters covered by [an arbitration clause], then those claims must be arbitrated, whatever the legal labels attached to them." *Brayman Constr. Corp v. Home Ins. Co.*, 319 F.3d 622, 626 (3d Cir. 2003). Because of the "arising from" language used in the arbitration provision, this Court finds that the dispute does fall under the arbitration provision.

## CONCLUSION

Since this Court has determined that the arbitration clause is valid and enforceable, and the current dispute falls within the scope of the provision, it must refer all substantive questions regarding the Agreement's unconscionability to the arbitrator.

But the Court does not have the authority to compel arbitration in Tennessee. Looking to the Circuit for guidance, it follows that the appropriate action is to dismiss this action in order to permit the parties to proceed to arbitration in Tennessee. *See Shafffer v. Graybill*, 68 Fed. App'x 374, 377 (3d Cir. July 3, 2003) ("Because a district court may not compel arbitration outside the district in which it sits, 9 U.S.C. § 4, the order of the District Court refusing to stay the action is reversed and the court is directed to dismiss the action or, after giving the parties the opportunity to be heard, transfer the action to an appropriate district court in New York where the court will presumably stay the action and direct arbitration."); *see also Hautz Constr., LLC v. H&M Dep't Store, et al.*, No. 12-3478, 2012 WL 5880370, at *17 (D.N.J. Nov. 20, 2012) ("[F]ollowing *Econo-Car* [*Econo-Car Int'l, Inc. v. Antilles Car Rentals, Inc.*, 499 F.2d 1391, 1394 (3d Cir. 1994)], many district courts have opted to dismiss actions in which a party seeks to compel

**NOT FOR PUBLICATION**

arbitration outside the court's own district."); *see also Port Erie Plastics, Inc. v. Uptown Nails, LLC*, 173 Fed. App'x 123, 128 (3d Cir. Mar. 10, 2006) (collecting cases).

The Court dismisses this case to allow the parties to proceed to arbitration in Tennessee.

March 26, 2013

**/s/ William H. Walls**
United States Senior District Judge

Case 2:13-cv-00216-WHW-SCM   Document 12   Filed 03/26/13   Page 7 of 7 PageID: 355

7